## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LUCIOUS GORDON**                                  **CIVIL ACTION**

**versus**                                                  **NO. 12-1884**

**WARDEN N. BURL CAIN**                          **SECTION: "B" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Lucious Gordon, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana.  On April 8, 1998, he was convicted of possession of heroin under Louisiana law.[1]  On October 1, 1998, he was found to be a third offender and was sentenced as such to a term of life imprisonment without benefit of probation or suspension of sentence.[2]  On December 27, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and

---

[1] State Rec., Vol. I of V, minute entry dated April 8, 1998; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. II of V, transcript of October 1, 1998; State Rec., Vol. I of V, minute entry dated October 1, 1998.

sentence.[3]  The Louisiana Supreme Court then denied his related writ application on January 4, 2002.[4]

On or about September 12, 2002, petitioner filed an application for post-conviction relief with the state district court.[5]  That application was denied on November 6, 2002.[6]  His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on January 23, 2003,[7] and by the Louisiana Supreme Court on February 20, 2004.[8]

On March 17, 2004, petitioner filed an application for federal *habeas corpus* relief.  That application was denied on November 29, 2006.[9]  The United States Fifth Circuit Court of Appeals dismissed his related appeal on August 7, 2007.[10]

In the interim, on or about May 29, 2006, petitioner filed a motion to amend his sentence with the state district court.[11]  That motion was denied on July 21, 2006.[12]

---

[3] State v. Gordon, No. 99-KA-0303 (La. App. 4th Cir. 2000); State Rec., Vol. II of V.

[4] State v. Gordon, 805 So.2d 1193 (La. 2002) (No. 2001-KO-0443); State Rec., Vol. IV of V.

[5] State Rec., Vol. I of V.

[6] State Rec., Vol. I of V, Judgment dated November 6, 2002.

[7] State v. Gordon, No. 2002-K-2501 (La. App. 4th Cir. Jan. 23, 2002); State Rec., Vol. I of V.

[8] State *ex rel.* Gordon v. State, 866 So.2d 820 (La. 2004) (No. 2003-KH-0663); State Rec., Vol. I of V.

[9] Gordon v. Cain, Civ. Action No. 04-1058, 2006 WL 3469564 (E.D. La. Nov. 29, 2006).

[10] Gordon v. Cain, No. 07-30100 (5th Cir. Aug. 7, 2007).

[11] State Rec., Vol. I of V.

[12] State Rec., Vol. I of V, Judgment dated July 21, 2006.

On July 15, 2011, petitioner filed an motion to correct illegal sentence with the state district court.[13]  That motion was denied on July 25, 2011.[14]  When petitioner sought review of that judgment by the Louisiana Fourth Circuit Court of Appeal, that court denied relief on September 26, 2011, holding:

> The relator's exclusive remedy is before the Louisiana Risk Review Panel which falls within the executive branch of government.  State v. Dick, 06-2223 c/w State v. Smith, 06-2226 (La. 1/26/07), 951 So.2d 124.  There is no error in the district court's July 25, 2011 judgment denying relator's claim in his motion to correct an illegal sentence.[15]

Without assigning additional reasons, the Louisiana Supreme Court likewise denied relief on June 15, 2012.[16]

On July 12, 2012, petitioner filed the instant application for federal *habeas corpus* relief.[17]  On October 9, 2012, the Court construed the petition in part as a motion for authorization to file a second or successive petition and transferred the matter to the United States Fifth Circuit Court of Appeals.[18]  On January 30, 2013, the Fifth Circuit held that the instant application was not in fact successive and, therefore, authorization for its filing was unnecessary.[19]  After the matter was back

---

[13]  State Rec., Vol. V of V.

[14]  State Rec., Vol. V of V, Judgment dated July 25, 2011.

[15]  State v. Gordon, No. 2011 K-1306 (La. App. 4th Cir. Sept. 26, 2011); State Rec., Vol. V of V.

[16]  State *ex rel.* Gordon v. State, 90 So.3d 1055 (La. 2012) (No. 2011-KH-2414); State Rec., Vol. V of V.

[17]  Rec. Doc. 3.

[18]  Rec. Doc. 4.

[19]  *In re* Gordon, No. 12-31033, 2013 WL 363332 (5th Cir. Jan. 30, 2013); Rec. Doc. 9.

before this Court, the state filed a response arguing that the application is untimely and, alternatively, petitioner fails to state a cognizable federal claim.[20]

Determination of the timeliness issue is made difficult by the nebulous nature of petitioner's claim and the factual predicate(s) on which it is based.  As noted in the Fifth Circuit's recent judgment, petitioner's *pro se* pleadings "are not written with much precision," thereby making interpretation of his claim difficult.  It is clear, however, that his claim is based on La.Rev.Stat.Ann. § 15:308, a change in state law which occurred in 2006 making some criminal penalties more lenient.  As previously noted, when petitioner sought relief under the statute in the state courts, his applications were was denied pursuant to State v. Dick, 951 So.2d 124 (La. 2007), which held that the requested relief could be granted only by the Louisiana Risk Review Panel.  Based on the foregoing, the Fifth Circuit noted that petitioner argues that "Section 15:308 is retroactive, perhaps argues that the Louisiana Supreme Court's Dick decision is a new rule of constitutional law made retroactive by that court, and claims he has been denied the benefits of that new statute."[21]

In its response in this proceeding, the state argues that timeliness of the instant petition should be analyzed under 28 U.S.C. § 2244(d)(1)(D) which delays commencement of the one-year federal *habeas corpus* limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  The state argues that the factual predicate here is the 2006 change in the law, and, therefore, the instant application is untimely because more than one year thereafter elapsed untolled before its filing. However, one could perhaps also argue that a factual predicate for petitioner's claim is a subsequent

---

[20] Rec. Doc. 22.

[21] Gordon, 2013 WL 363332, at *2; Rec. Doc. 9.

change in state law in May of 2012 which again amended § 15:308, a change which repealed the provision which provided for review by the Louisiana Risk Review Panel.

Fortunately, the Court need not resolve the murky timeliness issue, because, as the state alternatively argues, relief is not warranted even if the application was timely filed.[22]  As the Fifth Circuit indicated in its opinion, at the core of this case, "[t]he only legal claim in these filings is that Gordon is entitled to a reduced sentence under the changes in the law in Louisiana."[23]  The determination of that claim, however, turns on an issue of state law which the state courts, including the Louisiana Supreme Court, have decided against petitioner.  "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991)); see also Charles v. Thaler, 629 F.3d 494, 500-01 (5th Cir. 2011) ("Under § 2254, federal habeas courts sit to review state court misapplications of federal law.  A federal court lacks authority to rule that a state court incorrectly interpreted its own law.  When, as here, a state court's legal conclusions are affirmed by the highest court in that state, those conclusions *are* state law."); Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*). Simply put, a federal *habeas* court does "not sit as a 'super' state supreme court" to review alleged errors of state law.  Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991).  Rather, federal *habeas corpus* relief may be granted

---

[22]  A federal *habeas* court may pretermit a ruling on timeliness when it can more easily dispose of a petition on other grounds.  See, e.g., Brooks v. McCoy, No. 5:11-HC-2222-F, 2012 WL 3629233, at *4 (E.D.N.C. Aug. 22, 2012)

[23]  Gordon, 2013 WL 363332, at *2; Rec. Doc. 9.

"only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Accordingly, mere violations of state law will not suffice.  See Engle v. Isaac, 456 U.S. 107, 119 (1983).

In light of the foregoing, petitioner's federal application should be dismissed because he has failed to present a cognizable *habeas* claim.

### **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that petitioner's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[24]

New Orleans, Louisiana, this twenty-seventh day of June, 2013.



**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[24] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.